IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01078-REB-MJW

RUSSELL J. MONTJOY,

    Plaintiff,

v.

GENERAL DYNAMICS C4 SYSTEMS, INC.
A Delaware Corporation,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER
( Docket - pe 38 - 1 )

---

    Upon Joint Motion of the parties that a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure is appropriate and desirable, and finding good cause therefore, the Court orders as follows:

    1.    All parties in the above-referenced action recognize that certain information pertaining to this action is private, proprietary and/or otherwise highly confidential. Therefore the parties, through their counsel of record, hereby stipulate to the following agreement (hereinafter "Stipulated Protective Order" or "Order") regarding the protection of the confidentiality of information disclosed during discovery in connection with this action.

2. Any party may designate as "CONFIDENTIAL" any document produced for inspection and copying or any other document disclosed, served, filed or given under oath in this action (including, without limitation, answers to interrogatories, answers to requests for admission, and transcripts of depositions), or any part thereof, at the time of production, disclosure, service, copying, filing, or signing with the word "CONFIDENTIAL" or, if inadvertently produced without such legend, by promptly furnishing written notice to the receiving party that information shall be "CONFIDENTIAL" under this Protective Order.

    a. In exercising the right to designate a document a CONFIDENTIAL document, the parties agree to proceed in good faith. A party shall not designate a document as CONFIDENTIAL unless it is of a private or confidential or proprietary nature deserving of such protection. Except as may be otherwise provided by this Order or by further order of the Court or further stipulation of the parties, documents designated as CONFIDENTIAL, as well as the matters contained therein, and extracts and summaries thereof containing confidential information, shall be used for no purpose other than prosecuting or defending any legal claims between the parties in the above-captioned action entitled, *Montjoy v. General Dynamics C4 Systems, Inc., a Delaware Corporation*, pending in United States District Court for the District of Colorado, Civil Action No. 10-cv-01078-REB-MJW.

    b. Access to any CONFIDENTIAL documents, or any part thereof, as well as to the matters contained therein, shall be limited to: (i) the judiciary, its employees and its agents, including jurors; (ii) the parties and the officers, employees and agents of the parties who have a reasonable justification to view the CONFIDENTIAL material; (iii) the attorneys for the parties, their associates, assistants and agents; (iv) consultants and experts involved in the preparation of this litigation for each party; (v) court reporters,

their transcribers, assistants and employees; (vi) authors, subjects, and recipients of CONFIDENTIAL documents; and (vii) potential witnesses who have who has signed the Nondisclosure Agreement (Attachment A). Prior to receiving any Confidential Information, each such witness shall be provided with a copy of this Order and shall execute a non-disclosure agreement of the form of that set forth at Attachment A hereto.

     c.     Individuals and entities who are parties, their attorneys, associates and agents, permitted access by the parties' attorneys, pursuant to paragraph 1(b) above, to CONFIDENTIAL documents, or parts thereof, are hereby ordered not to show, convey or reproduce any such documents, or any parts thereof, or any matters contained therein, or any extracts or summaries thereof, to any individual or entity who would not otherwise have access to CONFIDENTIAL documents under the provisions of this Order.

     3.     Counsel for each party shall insure that any person who is granted access to CONFIDENTIAL material shall be given such access only after being informed of the provisions of this Order and after agreeing to be bound by it. Furthermore, counsel for the parties shall require that any person (other than counsel) to whom such CONFIDENTIAL material is disclosed shall execute the attached Nondisclosure Agreement before such disclosure is made.

     4.     In the event such person declines to sign the Nondisclosure Agreement set forth at Attachment A, the Court may order the person bound by the Court's order to maintain confidentiality consistent with the terms of this Order, after notice to the producing party and the person declining to be bound having an opportunity to be heard. Witnesses declining to be bound shall be advised that the Court may order such person to pay a successful movant fees and costs associated with the Motion. In the absence of a Court Order, a copy of the Nondisclosure

Agreement signed by the witness will be provided to the party who did not notice the witness's deposition at the start of that witness's deposition.

5. The terms of this Protective Order are applicable to CONFIDENTIAL information submitted or produced by a non party, and such information produced by a non party in connection with this litigation is protected by the remedies and relief provided by this Protective Order. A non party providing information to all the parties through either formal or informal discovery means shall (a) have the same right as a party to designate any such information under this Protective Order, and (b) shall have the standing to enforce the terms of this Protective Order with respect to disclosure and use of that non party's designated information.

6. Third parties subject to discovery requests or who are requested to provide information in this Action may obtain the protection afforded by this Order and agree to be bound by its terms by signing a non-disclosure agreement of the form of that set forth at Attachment A and, subject to the conditions of this Order, may designate information produced as "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" in the manner provided herein.

7. "Confidential" testimony shall be identified as such during the course of the deposition or other proceeding in which it is given, but the parties may agree that the designation of the confidentiality of testimony may be deferred until thirty days after receipt of the recording or transcript. If the parties so agree, then neither the transcript or recording, nor the information revealed at the deposition or other proceeding shall be disclosed to anyone, other than those identified in paragraph 2(b) above, before the receipt of such a designation or until the passage of thirty days from the receipt of the transcript. After such designation, neither the transcript or recording, nor the information revealed at the deposition, interview, or other proceeding shall be disclosed to anyone, other than those identified in paragraph 2(b) above, before the portions of the transcript designated confidential or the Confidential Information are

removed. Confidential portions of the transcripts shall be segregated into separate binders, or the entire transcript will be treated as confidential, and in all cases the word "Confidential" shall appear on each designated transcript page that contains actual confidential information.

8. All Confidential Information that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed *consistent with D.C.COLO.LCivR 7.2* ~~under seal and kept under seal until further order of the Court~~. Before filing any document under seal, the party shall seek leave of the Court to do so, and shall not file any document under seal without having obtained such leave. Where feasible, only the portions of papers containing Confidential Information shall be filed under seal.

9. The designation of documents or information as "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" shall not affect in any way the admissibility or use as evidence of any such information at trial, or in any other court proceeding in which testimony is taken or interviews given, in this Action. The Court may, upon the request of any affected party, make such orders as the Court deems appropriate to protect the confidentiality of such information presented at trial or other proceedings to the extent feasible.

10. If any party claims that any matter designated hereunder is not entitled to the protections of this Protective Order, that party may serve on the designating party an objection to the designation within thirty (30) days of receipt of notice of the designation. Such objection(s) may be served by facsimile, or other electronic means such as email, and will be deemed received one day after the objection is sent. After service of the objection, the parties shall meet and confer regarding the objection. If the parties are unable to reach agreement concerning the designation of the matter, then the party requesting removal of the designation may file and serve a motion *consistent with D.C.COLO.LCivR 7.2* for an order from the Court directing that the designation of the

matter be removed and/or modified. Any such motion shall be filed and served within thirty (30) days after service of the objection. Any such motion shall be set for the earliest possible date on the Court's law and motion calendar, and shall not be continued without the consent of all parties. If such motion is not made in such time and manner, then the matter shall remain CONFIDENTIAL as designated. The parties may stipulate in writing to extend the time periods to object and/or file a motion requesting removal of a designation.

11. The parties retain the right to designate as "CONFIDENTIAL" those documents they disclosed, produced or received prior to entering into this Stipulated Protective Order.

12. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as Confidential Information expressly consents to such disclosure, either in writing or in the record of any proceeding in this litigation, or if the Court, after notice to all affected parties, orders such disclosure.

13. After settlement, dismissal or final judgment in this Action, within sixty (60) days after time for all appeals has expired, the original and all copies of each document subject to this Order, shall (unless contrary to the Court's other rulings in this Action) be delivered to counsel for the producing party. Insofar as the provisions of any protective orders entered in this Action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of the proceeding except that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of such protective orders. At the conclusion of this litigation, including all appeals, counsel for the parties shall maintain the confidentiality as specified in this Order of all work product materials containing Confidential Information, and shall not use Confidential Information for any other purpose.

10-cv-01078-REB-MJW
Stipulated Protective Order

Done this 4th day of January 2011.

BY THE COURT

*[signature]*

MICHAEL J. WATANABE
U. S. MAGISTRATE JUDGE

Attachment A

**NONDISCLOSURE AGREEMENT**

I, _____, have received a copy of the Protective Order ("Order") entered in *Montjoy v. General Dynamics C4 Systems, Inc., a Delaware Corporation*, United States District Court for the District of Colorado, Civil Action No. 10-cv-01078-REB-MJW (the "Litigation"). I have carefully read and understand the Order's provisions. I agree to comply with and be bound by the Order terms and conditions unless and until modified by further order of this Court. I consent to the jurisdiction of the United States District Court for the District of Colorado for the limited purpose of enforcing the Order, and I understand that the Court may impose sanctions on me if I violate the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for purposes of the Litigation, any information designated "Confidential" which I receive or review in the Litigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____, in _____.

/s/ _____