IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01078-REB-MJW

RUSSELL J. MONTJOY,

Plaintiff(s),

v.

GENERAL DYNAMICS C4 SYSTEMS, INC., a Delaware Corporation,

Defendant(s).

ORDER GRANTING DEFENDANT GENERAL DYNAMICS C4 SYSTEMS, INC.,
MOTION FOR DISCOVERY SANCTIONS
(DN 46)

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that **General Dynamics C4 Systems, Inc.'s Motion for Discovery Sanctions**, (hereinafter referred to as GDC4S), DN 46, filed with the Court on January 13, 2011, is **GRANTED**.

Based on the conduct set forth in GDC4S' Motion, this court finds Plaintiff failed to provide medical-related documents or identify his treating psychologist, Dr. Anthony Young, as required under Federal Rules of Civil Procedure 26(a) and (3). This Court finds that such failure was not substantially justified or harmless. Pursuant to this Order, the Court will exclude testimony from Plaintiff's expert Dr. Young, regarding Plaintiff's emotional distress damages claim as a sanction for the conduct set forth in GDC4S' Motion.

It is FURTHER ORDERED that Plaintiff shall produce all medical-related documents and information responsive to Defendant's discovery requests, including Dr.

Young's notes, records, test results, and any other documents within ten (10) days of the date of this Order. Defendant may further depose Plaintiff for one (1) hour regarding those documents and information. Pursuant to this Order, Defendant must depose Plaintiff within ten (10) days from the date Plaintiff produces the documents required by this Order.

This Court further finds that Plaintiff failed to timely disclose the expert report for Melinda M. Harper in violation of Rule 26(a)(2)(B) and this Court's Scheduling Order. The untimely report was also co-authored by Greg R. Weiss, who was not disclosed as an expert witness. This Court finds Plaintiff's failure to timely disclose Ms. Harper's expert report was not harmless or substantially justified. Pursuant to this Order, the Court strikes Ms. Harper as an expert witness and strikes the expert report regarding Plaintiff's alleged economic damages. Pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiff is not allowed to use the expert witness testimony from Ms. Harper or Mr. Weiss and is not allowed to use the expert report authored by Ms. Harper and Mr. Weiss on any motion, at any hearing, or at trial.

IT IS FURTHER ORDERED that Defendant shall be awarded its reasonable attorney fees and costs incurred in preparing and litigating the subject motion pursuant to Federal Rule of Civil Procedure 37(c)(1)(A). Defendant shall file with the Court, an itemized Bill of Costs and Affidavit for Attorney Fees within fourteen (14) days of the date of this Order. Prior to filing Defendant's itemized Bill of Costs and Affidavit of Attorney Fees, Defendant's counsel shall file a written statement that a reasonable effort has been made, in a conference with opposing counsel, to resolve disputes regarding attorney fees and costs. If attorney fees and costs are resolved, a stipulated

motion setting the amount of attorney fees and costs shall be filed with the Court within fourteen (14) days from the date of this Order.

SIGNED AND DATED THIS 3${}^{RD}$ DAY OF MARCH, 2011

BY THE COURT:

s/Michael J. Watanabe
MICHAEL J. WATANABE
U. S. MAGISTRATE JUDGE