IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01078-REB-MJW

RUSSELL J. MONTJOY,

Plaintiff,

v.

GENERAL DYNAMICS C4 SYSTEMS, INC., A Delaware corporation,

Defendant.

---

**ORDER REGARDING ATTORNEY FEES AND COSTS
(DOCKET NOS. 46 AND 52)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court for consideration on the amount of attorney fees and costs that Plaintiff Russell J. Montjoy should pay based upon the Order Granting Defendant General Dynamics C4 Systems, Inc., Motion for Discovery Sanctions (docket nos. 46 and 52). In my Order (docket no. 52), pursuant to Federal Rule of Civil Procedure 37(c)(1)(A), Defendant was awarded its reasonable attorney fees and costs that were incurred in preparing and litigating the subject motion. See page 2 of 3 at the bottom paragraph in my Order (docket no. 52). I have reviewed and considered Defendant's Statement Re: Efforts to Resolve Attorney Fees/Costs (docket no. 63) and Defendant's Declaration of Counsel Re: Attorney Fees and Itemized Statement of Fees and Costs (docket no. 64). In addition, I have reviewed and considered the Plaintiff's Objection to Order Granting Defendant's Motion for Discovery Sanctions and Objection to Defendant's Declaration of Counsel Re: Attorney Fees and Itemized Statement of

Fees and Costs (docket no. 71) and Defendant's Response to Plaintiff's Objection to Order Granting Defendant's Motion for Discovery Sanctions and Objection to Defendant's Declaration of Counsel Re: Attorney Fees and Itemized Statement of Fees and Costs (docket no. 76). As to docket no. 71, I will consider only the portion of this Objection that concerns the amount of reasonable attorney fees and costs since I view the remainder of this Objection as a Rule 72(a) Objection. I will also consider only the portion of Defendant's Response (docket no. 76) that concerns the amount of reasonable attorney fees and costs since I view the remainder of this Response (docket no. 76) as a Response to Plaintiff's Objection (docket no. 71) under Rule 72(a). In essence, the parties have commingled their positions on the reasonable amount of attorney fees and costs with their Objection and Response pursuant to Rule 72(a) to my Order (docket no. 52). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;
2. That venue is proper in the state and District of Colorado;
3. That each party has been given a fair and adequate opportunity to be heard; and
4. That the benchmark for an award of attorney fees under nearly all

3

of the federal statutes authorizing an award of attorney fees is that the amount of the fees awarded be "reasonable."  <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 562 (1986).  "The lodestar figure - reasonable hours times reasonable rate - is the mainstay of the calculation of a reasonable fee." <u>Anderson v. Secretary of Health & Human Servs.</u>, 80 F.3d 1500, 1504 (10th Cir. 1996).

In this case, the court has considered those factors as outlined in the cases of <u>Poolaw v. City of Anadarko, Okl.</u>, 738 F.2d 364 (10th Cir. 1984), <u>overruled on other grounds</u>, <u>Skinner v. Total Petroleum, Inc.</u>, 859 F.2d 1439, 1445 n.6 (10th Cir. 1988), and <u>Blanchard v. Bergeron</u>, 489 U.S. 87 (1989).  Taking these factors into consideration, I find that the hourly rate of $325.00 charged by Defendant's attorneys is a fair and reasonable hourly rate for attorneys practicing law in Denver, Colorado.  Moreover, I find that fourteen (14) hours of attorney time to prepare and litigate Defendant General Dynamic's C4 Systems, Inc.'s, Motion for Discovery Sanctions (docket no. 46) was necessary and reasonable.  Further, I find that costs in the amount of $775.00 for air fare is a direct consequence of Plaintiff's discovery violations and should be awarded to Defendant.  Accordingly, Plaintiff should pay to Defendant the sum of $4,550.00 [$325.00 attorney time per

4

hour times 14 hours equals $4,550.00] in reasonable and necessary attorney fees plus costs in the amount of $775.00 [air fare] for preparing and litigating the Defendant General Dynamic's C4 Systems, Inc.'s, Motion for Discovery Sanctions (docket nos. 46 and 52) pursuant to Fed. R. Civ. P. 37(c)(1)(A).

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff Russell J. Montjoy shall pay to Defendant General Dynamics C4 Systems, Inc., a Delaware corporation, the sum of $ 4,550.00 for reasonable and necessary attorney fees and costs in the amount of $ 775.00 for preparing and litigating the Defendant General Dynamic's C4 Systems, Inc.'s, Motion for Discovery Sanctions (docket nos. 46 and 52) pursuant to Fed. R. Civ. P. 37(c)(1)(A).  The above attorney fees in the amount of $4,550.00 and costs in the amount of $775.00 shall be paid to Defendant General Dynamic's C4 Systems, Inc. by Plaintiff Russell J. Montjoy on or before May 31, 2011.

Done the 10th day of May 2011.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge