IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01078-REB-MJW

RUSSELL J. MONTJOY,

Plaintiff(s),

v.

GENERAL DYNAMICS C4 SYSTEMS, INC., a Delaware Corporation,

Defendant(s).

---

**RECOMMENDATION THAT
THIS ACTION BE DISMISSED BASED UPON PLAINTIFF'S FAILURE TO APPEAR,
FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH COURT ORDERS**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by District Judge Robert E. Blackburn on May 11, 2010. (Docket No. 2).

In a Minute Order filed on May 10, 2011, this court set a Final Pretrial Conference for January 19, 2012, at 9:30 a.m. in Courtroom A-502, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. (Docket No. 80). This court further directed in that Minute Order that the parties shall file their Proposed Final Pretrial Order with the court five days prior to that conference. (Docket No. 80).

Thereafter, on December 10, 2011, plaintiff's counsel filed a Notice of Withdrawal as Counsel for Plaintiff (Docket No. 95) and a Motion to Withdraw as Counsel for

2

Plaintiff (Docket No. 96). In those filings, counsel stated the reasons for his withdrawal as "including, but not limited to: nonpayment of attorney fees, costs and expenses related to this case and incurred by the undersigned; a complete breakdown in communication between the attorney and client; a complete lack of communication with the client who has moved out of state; and, for other reasons that shall not be stated herein so as not to violate the rules of professional conduct." (Docket No. 96 at 2). Furthermore, counsel advised plaintiff that "Plaintiff is solely and personally responsible for complying with all court orders and time limitations established by any applicable rules, including, but not limited to the following settings: A. Final Pretrial Conference before Magistrate Judge Watanabe on January 19, 2012, at 9:30 a.m., in Courtroom A-502, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado 80294; along with a copy of Docket # 80, Minute Order, and a copy of Docket # 79, Second Trial Preparation Conference Order. . . ." (Docket No. 96 at 2).

Despite that clear notice, plaintiff failed to appear as directed for the January 19, 2012, Final Pretrial Conference and failed to participate in the preparation of the Proposed Final Pretrial Order. He did not seek a continuance, nor did he even telephone the court at the time set for the conference. The court notes that the weather was sunny, warm, and clear at the time of the conference, and the roads were clear. Defense counsel appeared by telephone as directed. In response to questioning by the court, defense counsel advised that he did receive an e-mail from the plaintiff over the weekend stating that he had no other option than to "relinquish." It thus appeared that the plaintiff may very well be abandoning or want to dismiss this action.

Consequently, this court issued an Order to Show Cause on January 19, 2012

3

(Docket No. 101), setting a Show Cause Hearing on February 3, 2012, at 8:30 a.m. at which plaintiff was directed to show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) and D.C.COLO.LCivR 41.1 based upon his failure to appear, failure to prosecute, and failure to comply with court orders. However, due to weather complications developing in the Denver area for which large amounts of snowfall were predicted (and received), that hearing was reset to February 7, 2012, at 1:30 p.m. (Docket No. 103). Plaintiff was directed in the Minute Order resetting that conference in bold letters: "**The Plaintiff shall appear in person for the show cause hearing on February 7, 2012.**" That Minute Order (Docket No. 103) was e-mailed to the plaintiff by my chambers because he had not provided the court with a current mailing address or telephone number in violation of D.C.COLO.L.Civ.R 10.1(M). Plaintiff, however, did not appear for the Show Cause Hearing, nor did he seek a continuance or even telephone the court at the time set for the hearing.

The court notes that defense counsel has now provided the court with the e-mail he received from the plaintiff on January 16, 2012, prior to the scheduled Final Pretrial Conference, which defense counsel referenced during the January 19 proceeding. See Docket No. 105. Since that e-mail has been filed as a restricted document, the court refers Judge Blackburn to the document itself which in essence indicates that the plaintiff wishes to dismiss this action.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim

> against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that this case be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) and D.C.COLO.LCivR 41.1 based upon the plaintiff's failure to appear, failure to prosecute, and failure to comply with court orders.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: February 7, 2012       s/ Michael J. Watanabe
        Denver, Colorado         Michael J. Watanabe
                                United States Magistrate Judge