**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01078-REB–MJW

RUSSELL J. MONTJOY,

    Plaintiff,

v.

GENERAL DYNAMICS C4 SYTEMS, INC., a Delaware corporation,

    Defendant.

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the **Recommendation That This Action Be Dismissed Based Upon Plaintiff's Failure To Appear, Failure To Prosecute, and Failure To Comply With Court Orders** [#106][1] filed February 7, 2012. No objections to the recommendation have been filed by the parties. Therefore, I review the recommendation only for plain error. *See Morales-Fernandez v. Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005).[2] Finding no error, much less plain error, in the magistrate judge's recommended disposition, I find and conclude that the recommendation should be approved and adopted.

---

[1] "[#106]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] This standard pertains even though plaintiff is proceeding *pro se* in this matter. **Morales-Fernandez**, 418 F.3d at 1122. In addition, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See* **Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

The magistrate judge recommends that this case be dismissed as a sanction for the plaintiff's failure to prosecute this case and plaintiff's failure to comply with the lawfully issued orders of this court. Before choosing dismissal as a condign sanction, a court should consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions. **Ehrenhaus v. Reynolds**, 965 F.2d 916, 921 (10th Cir. 1992); **Reed v. Bennett**, 312 F.3d 1190, 1195 (10th Cir. 2002). "'Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.'" **Reed**, 312 F.3d at 1195 (**quoting Meade v. Grubbs**, 841 F.2d 1512, 1521 n. 7 (10th Cir. 1988) (citations omitted)).

Here, the defendant and the court both have been required to continue to process this case, acting on the assumption that the plaintiff would prosecute the case that he initiated. As detailed by the magistrate judge, in recent months the plaintiff failed to make any effort to prosecute this case, and he defied the orders of this court in the process. The plaintiff seeks relief from the judicial process, yet the plaintiff has disabled the process by his inaction and intransigence.

Without question, the plaintiff is culpable for this conduct. In the court's **Order To Show Cause** [#101] filed January 19, 2012, the plaintiff was warned that dismissal of this case is a likely sanction for his intransigence. There is no indication that lesser sanctions would be efficacious. In these circumstances, the aggravating factors far outweigh the preference for resolving cases on their merits.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation That This Action Be Dismissed Based Upon Plaintiff's Failure To Appear, Failure To Prosecute, and Failure To Comply With Court Orders** [#106] filed February 7, 2012, is **APPROVED** and **ADOPTED** as an order of this court;

2. That all pending motions, including the motions docketed as [#58] and [#59], are denied as moot;

3. That the Trial Preparation Conference set for March 16, 2012, at 3:00 p.m., is **VACATED**;

4. That the trial by jury set to commence April 2, 2012, is **VACATED**;

5. That under FED. R. CIV. P. 41(b), this case is **DISMISSED** with prejudice;

6. That **JUDGMENT SHALL ENTER** in favor of the defendant, General Dynamics C4 Systems, Inc., a Delaware Corporation, against the plaintiff, Russell J. Montjoy; and

7. That the defendant is **AWARDED** its costs, to be taxed by the clerk of the court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated March 12, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge